IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-259-FL
NO. 5:10-CV-362-FL

| | |
|---|---|
| MARCUS ROBERT WILLIAMS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **MEMORANDUM AND<br>RECOMMENDATION** |

This cause comes before the Court upon the Government's Motion to Dismiss (DE-78) Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("Motion to Vacate") (DE-73). Petitioner has filed a response (DE-81) and the matter is now ripe for adjudication. Pursuant to 28 U.S.C. 636(b)(1) this matter is before the undersigned for the entry of a Memorandum and Recommendation. For the following reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-78) be GRANTED and that Petitioner's Motion to Vacate (DE-73) be DENIED.

**I. Background**

Petitioner was charged with Hobbs Act robbery and related offenses in a three count indictment on September 5, 2007 (DE-1). Petitioner pleaded guilty to two of the three counts. This guilty plea was memorialized in a written agreement and approved by this Court following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure (DE's 43-45).

1

In his plea agreement, Petitioner agreed to:

> . . . plead guilty to Counts One and Two of the Indictment herein. . .

> . . .To waive knowingly and expressly the right to appeal whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

(DE-45, pg. 1-2).

Likewise, during Petitioner's Rule 11 hearing, the following testimony occurred:

> THE COURT: Are you satisfied with Mr. Williams -- Mr. Wilson's [advice] and counsel to you? representation of you in this case?
>
> A. Yes, sir.
>
> THE COURT: Are you satisfied with his representation of you in this case?
>
> A. Yes, sir.
>
> THE COURT: Has he been a good lawyer for you?
>
> A. Yes, sir . . .
>
> . . .THE COURT: I'm still required to remind you of the maximum statutory punishment you might receive for each of those two counts. Now, with regard to count one, robbery of a business in interstate commerce, and aiding and abetting, a violation of 18 United States Code, section 1951 and 2, the maximum statutory punishment you might receive is up to twenty years imprisonment, up to a $250,000 fine, up to three years of supervised release following any imprisonment, and that required $100 special assessment. Now, with regard to count two, that is using or carrying a firearm during and in relation to a federal crime of violence in aiding and abetting alleged violation of 18 United States Code Section 924 (c) (1) (a) and (2) (d), maximum you might receive would be not less than seven years but not more than life imprisonment, up to a $250,000 fine, up to five years of supervised release following incarceration, and the hundred dollars

special assessment. Ms. Jackson, I'm looking at the penalty sheet. Is it five years supervised release?

MS. JACKSON: The 924 C? It's five years, Your Honor, because it goes up to life imprisonment as a maximum.

THE COURT: So a minimum of seven years, up to a maximum of imprisonment, up to $250,000 fine, up to five years of supervised release, and then the required one hundred dollar special assessment. So do you understand what you're charged with, Mr. Williams, in that indictment and the maximum statutory punishment you might receive?

A. Yes, sir, I understand.

THE COURT: All right. Now, Mr. Williams I've been handed a document entitled Memorandum of Plea Agreement. It appears to have nine pages, and in that Memorandum of Plea Agreement, it appears you have agreed to plead guilty to both counts of one and two of the indictment, along with making, along with some other things. But you've agreed to plead guilty to counts one and two, as well as to do other things, including making restitution to the victim, knowingly and expressly waiving your appeal right, again, among those other things. Did you have the opportunity, Mr. Williams, to thoroughly read and review this plea agreement you're your attorney, Mr. Wilson, before you signed it?

A. Yes, sir.

THE COURT: After you read and reviewed the plea agreement with Mr. Wilson, did you understand all the terms, language, words, phrases, even the legal words and phrases used in the plea agreement?

A. Yes, sir.

THE COURT: Now, does this plea agreement represent your entire agreement with the U. S. attorney?

A. Yes.

THE COURT: In other words, Mr. Williams, has anyone promised you anything to get you to plead guilty to counts one and two of the indictment that's not written down in this plea agreement?

A. No, sir.

THE COURT: Has anybody threatened you or tried to force you, Mr.

3

Williams, to get you to plead guilty to counts one and two?

A. No, sir.

THE COURT: Now, so this represents your entire agreement with the government, is that correct?

A. Yes, sir.

THE COURT: Now, did Mr. Wilson discuss with you that appeal waiver that I talked about?

A. Yes, sir.

THE COURT: Now, that says that you waive knowingly and expressly your right to the appeal whatever sentence is imposed on any ground, including an appeal pursuant to 18 U.S.C. Section 3742, and that you further agree to waive any right to contest your conviction or sentence in any post conviction proceeding, including any proceeding under 28 U.S.C. 2255, except for an appeal or motion based upon grounds of ineffective assistance of counselor prosecutorial misconduct not known to you at the time of your plea, which is today. So you understood that, correct?

A. Yes, sir . . .

. . . THE COURT: All right. Mr. Williams, have you answered all of my questions truthfully?

A. Yes, sir.

THE COURT: Would you like any more time to think about your plea or discuss your plea or your case with your attorney, Mr. Wilson?

A. No, Sir.

(DE-69. pg. 4-8, 9)

On October 8, 2008, the Court held a sentencing hearing (DE-57). Counsel for Petitioner moved to withdraw from the case. The Court denied the motion to withdraw and continued the Petitioner's sentencing. (DE-57). Counsel filed a sentencing memorandum on October 15, 2008 (DE-56). In this memorandum, Counsel objected to the revised presentence investigation report

4

("PSR"), arguing that the state conviction for larceny from the person was not a violent felony offense under the Sentencing Guidelines and thus Petitioner was not a career offender. He also moved for a downward variance from the established guideline range. The objection to the PSR and the request for a downward variance were denied (DE's 59, 67). On November 4, 2008, The Court sentenced Petitioner to, *inter alia*, a term of imprisonment of 262 months.

A Notice of Appeal was filed by Petitioner on November 13, 2008 (DE-74). The Fourth Circuit dismissed Petitioner's appeal based upon the waiver contained in his plea agreement on July 17, 2009 (DE's 70-72). The Supreme Court denied Petitioner's petition for certiorari on November 16, 2009 (DE-79, pg. 3). Finally, Petitioner filed his Motion to Vacate on September 7, 2010 (DE-73).

## II. Legal Standards

### A. Motion to Dismiss

Respondent has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a [claim] . . . " Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must " 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Erickson v. Pardus, 551 U.S. 89, 93 (2007) (*quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The facts alleged must "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

5

conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id*. A claim may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Id.* at 1950. Without such "heft," *Id*. at 1947, claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with a defendant's liability," *Id.* at 1949, fail to nudge claims "across the line from conceivable to plausible." *Id.* at 1951 (quotations omitted)

Plaintiff, as a *pro se* litigant, is entitled to have his pleadings construed more liberally than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, there are limits to which the court may legitimately go in construing such complaints. See Beaudett v. City of Hampton, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

## B. 28 U.S.C. § 2255

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

"In a §2255 proceeding, the burden is on the petitioner to prove his allegations by a preponderance of the evidence, not on the government to disprove them." Abdul-Aziz v. United States, 2008 WL 4238943, *5 (N.D.W.Va. Spt. 12, 2008) (unpublished decision) (*citing* Sutton v. United States v. United States, 2006 WL 36859, * 2 (E.D.Va. Jan. 4, 2006) (unpublished decision)); *see also*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (stating that during a "proceeding under 28 U.S.C. § 2255 . . . the burden of proof is upon petitioner to establish [his

claim] by a preponderance of evidence . . .").

**C. Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings " carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In Tollett, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court held that, "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." Id. at 266-67. Thus, in a collateral attack, petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. Id.

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> [A] defendant's solemn declarations in open court . . . 'carry a strong presumption of verity . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy . . . Indeed, because they do carry such a presumption, they present a formidable barrier in any subsequent collateral proceedings . . . Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false" . . .

> Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated – permitting quick disposition of baseless collateral attacks.
>
> U.S. v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005)(internal citations and quotations omitted)

**III. Analysis**

As an initial matter, the undersigned notes that Petitioner has waived his right to contest his conviction or sentence, including by § 2255 motion, except for an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea (DE-45). The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights as well as the right to collaterally attack his conviction. *See*, United States v. Poindexter, 492 F.3d 263, 267-268 (4th Cir. 2007); Lemaster, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *See*, United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005); Lemaster, 403 F.3d at 220. Portions of Petitioner's Rule 11 colloquy have already been cited, and those citations establish that Petitioner's waivers were knowing and voluntary. Thus, much of Petitioner's motion to vacate may be dismissed on the basis of the waiver contained in his plea agreement.

Regardless, Petitioner asserts that: 1) "counsel was ineffective when counsel failed to investigate petitioner's criminal history before petitioner entered a guilty plea"; 2) "he does not qualify as a Career Offender and thus was sentenced contrary to law"; and 3) a "consecutive ten-year minimum sentence for discharge of a firearm during a crime of violence . . . [does] . . . not apply to a defendant who was subject to [a] fifteen-year minimum sentence for being a felon in

8

possession of a firearm with three violent felonies . . ." (DE- 74, pg. 5-7).

With regard to his claims of ineffective assistance, Petitioner must satisfy two well-established requirements. First, he "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). *See also*, Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997), *cert. denied* 522 U.S. 1010 (1997). Review of counsel's performance in this regard is highly differential. Strickland, 466 U.S. at 689. Second, petitioner must also demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. *See also*, Satcher, 126 F.3d at 57. Petitioner fails to meet this standard. First, other than noting that he and counsel had a disagreement, he fails to specifically describe how counsel performed ineffectively. Moreover, the undersigned has reviewed counsel's sentencing memorandum (DE-56) and the argument presented by counsel during Petitioner's sentencing hearing (DE's 66-67). Based on this review, the undersigned concludes that counsel's representation of Petitioner was objectively reasonable. Finally, Petitioner argument that his attorney provided ineffective assistance of counsel based on an alleged failure to discuss Petitioner's potential status as a career offender fails because any alleged omission or misinformation he received from counsel was corrected by the magistrate judge at the Rule 11 proceeding, and thus Petitioner was not prejudiced. United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995)(holding that the ineffectiveness of counsel claim failed to establish prejudice because any mis-advice Foster received regarding his status as a career offender was corrected by the trial court at the Rule 11 proceeding when the trial court specifically informed Foster of the maximum penalties he faced upon conviction).

Petitioner next contends that "he does not qualify as a Career Offender and thus was

9

sentenced contrary to law" (DE-74, pg. 6).  Specifically, Petitioner argues that he "was wrongly classified as a career offender because larceny is not a crime of violence under North Carolina law" (DE-81, pg. 2).  First, this issue was raised on direct appeal and dismissed on the basis of the waiver of appellate rights contained in Petitioner's plea agreement (DE-77, pg. 7).  Moreover, this argument has already been considered and rejected by this Court (DE-67, pg. 18-25). Specifically, this Court determined that "a conviction for larceny from the person, under North Carolina law, is rightly classified as a crime of violence" (DE-67, pg. 24, 25).  *See also*, United States v. Smith, 359 F.3d 662, 664 (4th Cir. 2004)(holding that larceny from a person is a crime of violence).  Petitioner has failed to submit any argument or evidence which would serve as a basis for altering that determination.

Finally, Petitioner argues that his sentence was improper because a "consecutive ten-year minimum sentence for discharge of a firearm during a crime of violence  . . . [does] . . . not apply to a defendant who was subject to [a] fifteen-year minimum sentence for being a felon in possession of a firearm with three violent felonies . . ." (DE- 74, pg. 5-7).  In short, Petitioner is apparently arguing that he could not be sentenced to a mandatory minimum term of imprisonment under 18 U.S.C. § 924(c)(1) if he is also found to be an armed career criminal act defendant under 18 U.S.C. 924(e)(1).  This argument is meritless.  Petitioner was informed during his Rule 11 colloquy that he could be sentenced to life imprisonment based on his plea of guilty to Count Two ( DE-69, pg.  5).  Therefore, this claim is barred by Petitioner's appellate and collateral review waiver.  Additionally, there is no bar to being sentenced as an armed career criminal and receiving a consecutive term of imprisonment under 18 U.S.C. § 924(c)(1).  Regardless, Petitioner was convicted in Count One of Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2, and in Count Two for, during and in relation to the Hobbs Act robbery, using and

10

carrying a firearm and possessing a firearm in furtherance of the Hobbs Act robbery and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2. In short, Petitioner was not convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and thus was not an armed career criminal under the statutes.

## IV. Conclusion

For the aforementioned reasons, it is HEREBY RECOMMENDED that the Government's Motion to Dismiss (DE-78) be GRANTED and that Petitioner's Motion to Vacate (DE-73) be DENIED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, December 13, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE