IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CR-259-FL-2
NO. 5:10-CV-362-FL

| | | |
|---|---|---|
| MARCUS ROBERT WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner asks this court to vacate his sentence pursuant to 28 U.S.C. § 2255 (DE # 73). The government moved to dismiss (DE # 78). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William Webb entered a memorandum and recommendation ("M&R") (DE # 82), in which he recommends granting the government's motion and denying the § 2255 petition. No objections to the M&R were filed, and the issues raised in these motions are now ripe for adjudication. For the reasons that follow, the court adopts the magistrate judge's recommendation, grants the government's motion to dismiss, and denies the § 2255 petition.

## BACKGROUND

On June 2, 2008, following a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the court accepted a plea agreement in which petitioner pleaded guilty to robbery of a business in interstate commerce and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2, and possession of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. For these offenses, he was

sentenced on November 4, 2008, to a total term of imprisonment of two hundred and sixty-two (262) months. Petitioner timely appealed, but the Fourth Circuit dismissed that appeal by order entered July 17, 2009, due to the waiver in petitioner's plea agreement.

On September 7, 2010, petitioner filed this *pro se* motion to vacate pursuant to § 2255. Petitioner contends (1) that his counsel was ineffective in failing to investigate his criminal history before petitioner entered a guilty plea; (2) that he was incorrectly sentenced as a career offender; and (3) that a consecutive ten-year sentence for count two was unwarranted. The government responded in opposition to petitioner's motion on October 25, 2010.

The government moved to dismiss the § 2255 petition on October 26, 2010. Petitioner responded in opposition on November 22, 2010. The motions were referred to the magistrate judge, who entered his M&R on December 13, 2010. The magistrate judge recommended that the court grant respondent's motion and deny the § 2255 petition.

## DISCUSSION

Petitioner's motion under § 2255, and the government's motion to dismiss that petition, are before the court with benefit of the magistrate judge's thoughtful analysis. The district court reviews *de novo* only those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

The magistrate judge adequately addressed each of petitioner's three arguments. As to petitioner's argument that his counsel was ineffective in failing to investigate his criminal history, the magistrate judge concluded that petitioner's complaint failed to state allegations sufficient to raise a claim under Strickland v. Washington, 466 U.S. 668 (1984). The magistrate judge, citing United States v. Foster, 68 F.3d 86 (4th Cir. 1995), noted that even if petitioner's counsel had misinformed him about sentencing, petitioner was not prejudiced where petitioner was informed at the Rule 11 hearing of the maximum sentence he faced upon adjudication guilt.

The magistrate judge concluded that petitioner's second argument, that he was incorrectly sentenced as a career offender because larceny from a person is not a crime of violence, was legally erroneous. The magistrate judge noted that the Fourth Circuit has held that larceny from a person and similar offense are in fact crimes of violence. See United States v. Smith, 359 F.3d 662, 665 (4th Cir. 2004). Finally, the magistrate judge noted that petitioner's final argument, that the court improperly imposed a consecutive ten-year sentence for count two, was factually erroneous: this court sentenced petitioner to a seven-year consecutive term on that count. Regardless, as the magistrate judge rightly pointed out, there is no bar to receiving a seven-year consecutive term of imprisonment under 18 U.S.C. § 924(c)(1) in the circumstances presented here.

After a considered review of the M&R, the court agrees with the conclusions reached by the magistrate judge. As such, it adopts the findings and recommendations set forth in the M&R in full. For the reasons given by the magistrate judge, the government's motion to dismiss is granted and petitioner's motion to vacate under § 2255 is dismissed with prejudice.

3

C.  Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R.App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir.2001) (quoting Slack, 529 U.S. at 484).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, upon a careful review of the record, the court ADOPTS the findings and recommendations of the magistrate judge (DE # 82) as its own. The government's

4

motion to dismiss (DE # 78) is GRANTED and the petition (DE # 73) is DISMISSED WITH PREJUDICE. Petitioner is DENIED a certificate of appealability.

SO ORDERED, this the 28th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge